WILLIAM STAGE

*v.*

JACOB GORICH.

107 361<br>52a 596

*Filed at Ottawa March 28, 1883—Rehearing denied September Term, 1883.*

1. ARBITRATION—*settlement of partnership through aid of another is not an arbitration and award.* Where partners sought and obtained the aid of an accountant in adjusting their accounts, for the purpose of a settlement, and he prepared a paper showing what he considered a fair settlement between them, which they adopted: *Held,* that this was no arbitration, and the paper prepared by the accountant was no award, it merely constituting a settlement, liable to be opened for mistake.

2. SETTLEMENT—*opened for correction of mistakes.* Where it is clearly shown that one partner has made advances for the use of the firm of considerable sums, which were not taken into consideration at a settlement had between the partners, on bill filed by one of the partners for an account, it was *held,* the cause should have been referred to the master to state anew the accounts, so far as concerned the omitted items.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. PERRY A. ARMSTRONG, for the appellant:

The proof fails to show there was any arbitration or submission to an arbitrator. The exhibit upon which the settlement was based is not under seal, nor signed by Judge Grant as arbitrator, referee or accountant, so that if there was any submission to him as arbitrator, it was in parol, which, in order to bind the parties, must be clearly proved. *Koon et al.* v. *Hollingsworth,* 97 Ill. 52; *Ingraham et al.* v. *Whitmore et al.* 75 id. 24.

But if it was an award, it is not valid, because it did not cover and determine what is claimed to have been submitted. An award, to be good, must settle and determine every matter submitted. If it does not, or goes outside and beyond the

submission, it is void. *Alfred* v. *Kankakee and Southwestern R. R. Co.* 92 Ill. 609 ; *Hadaway* v. *Kelly,* 78 id. 286.

It is not pretended that various advances and payments made by appellant were disposed of by Judge Grant. Then, if there had been a submission of the partnership accounts to him, his statement of the account would have been voidable, and subject to review and correction in a court of equity for either fraud, corruption, unfairness, mistake, undue influence, accident, miscalculation, improper conduct of the arbitrator, or for any other cause vicious. *Pulliam* v. *Pensoneau,* 33 Ill. 375 ; *Wiley* v. *Platter,* 17 id. 540 ; *Williams* v. *Warner,* 21 id. 541 ; *Haywood* v. *Harmon,* 17 id. 477 ; *Spink* v. *Cook,* 19 id. 415 ; *Kimball* v. *Walker,* 30 id. 482 ; *Tucker* v. *Page,* 69 id. 180 ; *Howell* v. *Howell,* 26 id. 460 ; *Sherfy* v. *Graham,* 72 id. 158.

Mr. S. P. AVERY, for the appellee, contended, from the facts in evidence, that the partnership matters of the firm were submitted by the parties to Judge Grant as an arbitrator, and that his finding, on a full and fair hearing and investigation, was an award binding on all the parties, and that there was no mistake made.

Mr. S. C. STOUGH, also, for the appellee:

An award has the effect of an adjudication, and is conclusive upon the parties. *Rogers* v. *Holden,* 13 Ill. 293 ; *Pulliam* v. *Pensoneau,* 33 id. 374 ; *Morgan et al.* v. *Stevens,* 78 id. 286.

All reasonable intendments will be indulged in for the purpose of supporting an award. *Haywood et al.* v. *Harmon et al.* 17 Ill. 477 ; *Tucker* v. *Page,* 69 id. 179.

An erroneous decision, or an error of judgment on the part of the arbitrator, will not vitiate the award. *Merritt* v. *Merritt,* 11 Ill. 565 ; *Smith* v. *Douglas,* 16 id. 34 ; *Ross & Hammond* v. *Watts,* id. 99.

Arbitrators by a submission become the judges, by choice of the parties, both of the law and the fact, and there is no appeal or review from or of any decision made by them within the scope of their powers, except for fraud, partiality or misconduct. And a mistake, either of law or of fact, by arbitrators, is no ground for setting aside their award, but a mistake in the draft of the award may be reformed so as to conform to the award actually made. *Sherfy* v. *Graham*, 72 Ill. 158.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is a bill by Stage, against Gorich, for an accounting and an adjustment of their accounts as partners, alleging that they had made a settlement, with the aid of Judge Grant, to whom their memoranda and vouchers and statements were made, but that, by mistake, several important items of advances by Stage to the use of the firm were omitted, etc. Defendant answered, among other things alleging, in substance, that their matters in dispute were submitted to Grant as an arbitrator, and that he had made an award, by which the parties were bound, and the right to an accounting was cut off. Evidence was taken, and the question thus raised was submitted to the court. The circuit court held the proceeding before Grant to be an arbitration, and the result to be an award binding upon the parties. This was affirmed by the Appellate Court, and this is an appeal from the judgment of affirmance.

After a careful examination of the proofs, we think this conclusion was erroneous. From the proofs we think that the parties simply sought and obtained the aid of Judge Grant in adjusting their accounts for the purposes of a settlement, and that the paper prepared by him was simply an expression of an opinion by him, to them, as to what would constitute a fair settlement between them. This paper had

no legal force until it was accepted and agreed to by the parties. The whole transaction constituted a mere settlement between the parties. The proofs show, satisfactorily, that Stage made advances for the use of the partnership of considerable amounts, which, by mistake, were not taken into consideration at this settlement. Instead of holding the parties bound by these proceedings as by the award of an arbitrator, the cause ought to have been referred to the master to state anew the accounts between the parties, so far as concerns these omitted items. The decree of the circuit court ought to have been reversed and the cause remanded.

The judgment of the Appellate Court is therefore reversed, that further proceedings may be had in conformity to this opinion.

*Decree reversed.*

A petition for rehearing was filed in this case, chiefly upon the ground that the court had not, in its opinion, disposed of a motion to dismiss the appeal, which was reserved for the hearing. The application for rehearing was denied, and the following filed:

Per CURIAM: The motion to dismiss this appeal can not be allowed. It rests upon the allegation that the amount involved is less than $1000. Taking to be true all the proofs tending to support the claims of complainant, and rejecting all proofs to the contrary, it is apparent that more than $1000 is involved in this controversy.