## H. Tompkins v. James Gerry.

1. AWARD—*What Is Not.*—When parties having mutual accounts, deliver their books to a third person and agree that he shall examine the respective accounts therein, ascertain what balance, if any, there appears to be.due from one party to the other, and report the result of his examination to them, and that they should adopt such report as a correct statement of the amount due and to whom it was due, and settle

on that basis, the report of such person of the amount due, etc., is not an award.

2. AWARDS—*What Is.*—An award is the judgment or decision of arbitrators or referees on matters submitted to them to be decided, whereby a duty is imposed to be performed by one or more of the parties who have so submitted such matters to such arbitrator or referees.

3. SETTLEMENT—*What Is Final.*—Where parties are unable to agree in their accounts and submit them to a third party for an examination and report thereon, his report, when made, has no legal force until accepted and adopted by the parties as correct; but when this is done, a final settlement of all accounts between them was effected, binding on both.

**Memorandum.**—Assumpsit. Account stated. Appeal from the Circuit Court of Wayne County; the Hon. CARROLL C. BOGGS, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

BUNCH & BONHAM, attorneys for appellant.

CREIGHTON & KRAMER, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellant brought this suit in assumpsit against appellee to recover the amount of an account claimed to be due and unpaid. The declaration contained the common counts only. We find the following facts to be fairly established by the evidence in the record: That Tompkins and Gerry had dealings together during a period of several years; Gerry did work for Tompkins, and the latter furnished supplies, goods and money to Gerry during said period. Each kept a book account of the items he claimed to be due from the other, and upon which no credits appear. After having made several ineffectual efforts to effect a final settlement, the parties delivered their books to one John Hargraves, and agreed he should examine their respective accounts therein, ascertain what balance, if any, there appeared to be due from one party to the other, and report the result of his examination to Tompkins and Gerry, who should adopt such

report as a correct statement of the amount due, and to whom it was due, and settle on that basis. In accordance with this agreement, Hargraves examined said accounts and reported to the parties, that he found, as the result of such examination, there was a balance of $188.40, due from Tompkins to Gerry. The parties adopted this report and agreed to a settlement in accordance therewith, and Tompkins promised Gerry to pay him the amount so found due within a few days; failing to do so, Gerry brought suit against him to recover said amount before a justice of the peace, on May 11, 1891. Before that, however, Tompkins brought the present suit in the Circuit Court against Gerry and pleaded the pendency thereof in abatement in the justice's court, but the justice heard evidence on the merits and entered judgment against Tompkins for the amount of said balance. Tompkins appealed to the County Court, where he re-filed his said plea, to which a demurrer was sustained. He elected to abide by the plea, and declined to further plead. Judgment was entered against him for said balance for $188.40 and costs, and Tompkins took an appeal to this court, where said judgment was affirmed and the opinion filed June 21, 1892.

In the case at bar the record shows that the parties appeared, a jury was waived, and this cause was submitted to the court for hearing and trial, and all special pleas were withdrawn by defendant, and on April 14th, it being one of the days of the March term, 1893, the cause was heard, the court found the issue for defendant and entered judgment for him, against the plaintiff, for the costs, and Tompkins took this appeal. The errors assigned are as follows: that the court admitted improper evidence on the part of appellee. That the court refused proper evidence on the part of appellant. That the court improperly refused to hold, as requested by appellant, to wit: The 4th, 5th, 6th, 7th, 9th, 10th, 11th, 12th and 13th instructions. That the verdict is contrary to the evidence. That the court erred in admitting evidence by appellee, after filing general issue and plea of set-off of an open account, that the judgment had and pleaded was

based on an award of all accounts. The court erred in not sustaining appellant's motion to strike out all evidence tending to prove that the judgment, set up as a set-off against appellant's demand, was a judgment upon an award. That the court erred after having received improper evidence on part of appellee, under the special plea of set-off and verdict, to permit the withdrawal of said special pleas, and render a judgment as on an award. That the court erred in not rendering judgment for appellant. The first error is not well assigned. We do not find any error in the admission of evidence, and all objections on behalf of appellant made to the admission of any evidence were general objections, without any special reason being assigned in support thereof.

Appellant has not called our attention to any instance where the court refused proper evidence offered on his behalf, hence the second error is not well assigned. The third error is not well assigned. The propositions mentioned were properly refused to be held as the law applicable to the facts in the case. The fourth error will be discussed hereafter in this opinion. The fifth error is not well assigned. The transcript of the record shows that before the trial all special pleas were withdrawn, and the plea of general issue and joinder only remained. The cause was tried upon the issue thus joined, and the evidence objected to was properly admitted to show a settlement between Tompkins and Gerry, and a recovery by the latter of the balance found due him on such settlement. We find no such motion or ruling in the record as is mentioned in the sixth assignment of error; and this error is not well assigned. The seventh error assigned is based on a misapprehension of the facts. The special pleas were withdrawn before evidence was heard, nor was the judgment rendered "as on an award." The eighth error assigned is not well assigned, if the finding of the court is warranted by the evidence, and the correctness of that finding is denied by the fourth assignment of error, which we will now consider. And at the outset we desire to say, the report made to the parties by Hargraves of the balance he found to be due, was not an award, nor is it essen-

tial to the affirmance of this judgment that it should be held to be such.

An award is the judgment or decision of arbitrators or referees on matters submitted to them to be decided, whereby a duty is imposed, to be performed by one or more of the parties who have so submitted such matters to such arbitrators or referees. In this case, both parties desired a final settlement of their accounts, but were unable to effect it by themselves; therefore they sought and obtained the aid of Hargraves in adjusting said accounts for the purpose of a settlement. He was furnished by the parties with their books containing all the accounts then claimed by each, of items due from the other, and found the amount of Gerry's account against Tompkins to be $408.35, and that the amount of Tompkins account against Gerry was $219.95. He therefore reported the balance due Gerry from Tompkins to be $188.40, which was accepted and adopted by the parties as correct, and Tompkins promised to pay Gerry said balance, but failed to do so. It is true this report, when made, was simply an expression of opinion by Hargraves to the parties, that a fair and correct settlement of all accounts between them would be the allowance of a balance of $188.40 to Gerry, as the full amount due him from Tompkins. The report had no legal force until it was accepted and adopted by the parties as correct, but when this was done, a final settlement of all accounts between them was effected, binding on both, whereby it was agreed said balance was due Gerry and which Tompkins was legally bound to pay him. Strage v. Gorich, 107 Ill. 361.

Notwithstanding this final settlement, and the fact that Tompkins had been allowed credit for the amount of the account he claimed to be due him from Gerry, as itemized in his books when he delivered them to Hargraves, and the further fact that he promised to pay the amount of said balance to Gerry, Tompkins afterward brought the present suit, to recover the amount of his said book accounts, and some small items he claims were not on his books when he delivered them to Hargraves, but which, if they were due

him at all, did not accrue after that time. Upon the facts the trial court could properly find that a final settlement between the parties, binding on both, had been made. That in that settlement Tompkins had received credit for, and had been allowed the full amount he claimed was then due him, and had no cause of action. The necessary legal result of such finding was a judgment against Tompkins for costs, which was properly entered, and is affirmed.