ROBERT C. LORTS, Plaintiff-Appellant, *v.* ILLINOIS TERMINAL RAILROAD, Defendant-Appellee.

Fifth District    No. 79-216

Opinion filed February 1, 1980.

L. Thomas Lakin and M. Barry Forman, both of East Alton, for appellant.

David B. Stutsman and James C. Cook, both of Belleville (Walker & Williams, P. C., of counsel), for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, Illinois Terminal Railroad Company, agreed to pay plaintiff, Robert C. Lorts, $700,000 in settlement of a disputed claim. Plaintiff brought the instant action in the Circuit Court of Madison County to recover interest from the date the court entered a consent judgment following the settlement to the date the full amount of the settlement and interest was ultimately paid. From the judgment of the trial court denying interest, plaintiff appeals. Defendant's motion to dismiss the appeal for plaintiff's alleged failure to provide a complete record on appeal has been taken with the case.

The record on appeal consists of two volumes, the common law record and a document entitled "Report of Proceedings Pursuant to Supreme Court Rule 323(c)." No issue is raised regarding the propriety of

this document as a Rule 323(c) report of proceedings (Ill. Rev. Stat. 1977, ch. 110A, par. 323(c)).

Plaintiff's cause of action against defendant had proceeded to trial before a jury. During the trial on November 29, 1977, the parties agreed to settle the cause. Under this agreement, defendant was to pay plaintiff $700,000. On November 30, 1977, a consent judgment was entered pursuant to the settlement.

Defendant satisfied the $700,000 judgment in installments, the last one being paid January 30, 1978, and a satisfaction of judgment was executed on this date. This document bore a typewritten note that the parties disputed whether defendant owed plaintiff interest "from the date of the judgment to the date of payment," such dispute to be resolved through subsequent negotiations or litigation.

The matter could not be resolved by negotiation and plaintiff commenced the instant action by filing a citation to discover assets against defendant on August 21, 1978. Defendant moved to quash the citation, asserting the judgment had been satisfied and requesting a hearing on the matter.

The cause was heard November 3, 1978. The report of proceedings filed pursuant to Rule 323(c) states that defendant's attorney at the time of the settlement negotiations was the only sworn witness. Mr. Stutsman testified that it was decided a judgment order would be entered "reciting and confirming" the settlement agreement. The witness stated there was no time limit mentioned for payment of the $700,000, but that payment was to be made within a "reasonable" time. He believed there was "absolutely no understanding or agreement that any interest would be paid on this sum."

Mr. Stutsman stated he believed "interest is not added to such a settlement sum and is never added and has never in the experience of the witness been added to a settlement that he has been involved in." He believed this to be accepted practice in the Circuit Court of Madison County. He testified further that during the first 30 days following the settlement, plaintiff's attorney asked him when payment would be made and finally demanded immediate payment. At that time, however, nothing was said about accrual of interest.

The court provided plaintiff's attorney an opportunity to comment on Mr. Stutsman's testimony. While not under oath, Mr. Lakin recalled that the judgment was entered at his insistence after discussions about when payment would be forthcoming proved fruitless. He stated that during negotiations he adopted the position that settlement proceeds should be forthcoming within 10 days. Mr. Stutsman, without agreeing to the 10-day limit, indicated he would attempt to comply. Mr. Lakin stated there was no agreement that interest would or would not be paid.

Mr. Lakin stated the instant case was the first in which he had insisted a consent judgment be entered as part of the settlement agreement. It was his "understanding" that there were instances in which interest was added to settlement amounts subsequent to entry of judgment without a specific agreement regarding interest accrual. He did not recall whether he would claim interest at the time of settlement. He did recall communicating his client's demand for interest approximately 10 days after entry of the consent judgment.

The record on appeal contains no written manifestation of the terms of the agreement between plaintiff and defendant, nor indication that such a writing exists, save the judgment order itself. The text of the order reveals absolutely nothing about the terms of the settlement agreement, except its amount.

On November 3, 1978, after the hearing on plaintiff's demand for interest, the trial court filed an order denying interest. The court set forth the following findings: (1) according to custom and practice, settlements never included interest unless interest was mentioned and agreed upon; and (2) no evidence had been offered that the instant settlement amount had not been paid within a "reasonable" time, and, in view of the amount of the judgment, 60 days was a reasonable time.

■■ We first consider defendant's motion to dismiss this appeal, which this court ordered taken with the case. Defendant seeks dismissal because plaintiff has failed to provide a proper record on appeal. We agree with defendant that the record as submitted by plaintiff is so incomplete that the questions here presented can not be fully understood. It was plaintiff's duty and obligation as appellant to take all necessary steps to ensure that a proper record was prepared. (*Ladenheim v. McCormick* (1978), 66 Ill. App. 3d 188, 191, 383 N.E.2d 751, 754.) Where appellant's shortcomings in this regard prevent review of the findings of the lower court, the court on review must presume that the evidence supported the judgment below. (*Ladenheim v. McCormick*; *Angel v. Angelos* (1976), 35 Ill. App. 3d 905, 907, 342 N.E.2d 748, 749.) Further, the fact that plaintiff, in his praecipe, requested that the clerk of the court prepare transcripts of all proceedings, did not shift his burden as appellant to present all material essential to disposition of the appeal. *Angel v. Angelos* (1976), 35 Ill. App. 3d 905, 907, 342 N.E.2d 748, 750.

■■ We agree with defendant that plaintiff should have provided transcripts of all proceedings below. However, the record as supplemented by defendant is not insufficient to resolve the issues raised, as was the case in *Ladenheim*. Accordingly, defendant's motion to dismiss the appeal is denied.

We turn to plaintiff's sole contention on appeal, that section 3 of the Interest Act (Ill. Rev. Stat. 1977, ch. 74, par. 3) applies to the instant

judgment and requires that defendant pay plaintiff interest accruing daily on the amount of the settlement judgment from the date of its entry until satisfied in full, including accrued interest. The statute reads in pertinent part as follows:

> "Judgments recovered before any court shall draw interest at the rate of 8% per annum from the date of the judgment until satisfied * * *. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment."

The parties ask that we construe the above section. Plaintiff urges that it applies to any judgment; defendant asserts it does not apply to a judgment entered on a settlement.

At the outset, we must conclude that the legislature did not intend section 3 of the Interest Act to apply to all judgments, without exception. The legislature could have mandated such universal application clearly and simply, by modifying the word "judgment" with "all" or "any." Instead, the legislature chose the modifying phrases "before any court" and "entered upon any award, report or verdict."

The question, then, is whether a judgment entered on a settlement is the type of judgment to which the legislature intended interest should be added. Examining the modifying phrases, we note that no judgment is to draw interest unless entered upon an "award, report or verdict." Plainly, a judgment on a settlement is not entered on a verdict.

Generally, a consent judgment is considered only the contract of the parties:

> "A judgment by consent of the parties is a judgment the provisions and terms of which are settled and agreed to by the parties to the action in which it is entered, and which is entered of record by the consent and sanction of the court; it may be more briefly defined as a contract of the parties acknowledged in open court and ordered to be recorded, an agreement of the parties entered of record with the approval of a court of competent jurisdiction, or a solemn contract or judgment of the parties put on file with the sanction and permission of the court. A consent judgment is not a judicial determination of any litigated right, and it is not the judgment of the court, except in the sense that the court allows it to go upon the record and have the force and effect of a judgment; it is merely the act of the parties consented to by the court." 49 C.J.S. *Judgments* §173 (1947); see also *Freasman v. Smith* (1942), 379 Ill. 79, 39 N.E.2d 367; *Aleman v. Carrillo* (1977), 49 Ill. App. 3d 93, 364 N.E.2d 892.

Accordingly, we consider whether the instant case involves an

"award." "Award" is defined as "[t]he decision or determination rendered by arbitrators or commissioners, or other private or extrajudicial deciders, upon a controversy submitted to them; also the writing or document embodying such decision." (Black's Law Dictionary 125 (5th ed. 1979); accord, *Tompkins v. Gerry* (1894), 52 Ill. App. 592, 596.) In our view, this definition contemplates that some third party has entered the dispute between two parties and made some sort of determination. In the instant case, as in any settlement, nothing has been "determined" or "decided" except by the parties themselves. A settlement agreement, when approved by the Industrial Commission, has been considered, in legal effect, an award within the meaning of section 19(g) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(g)). (*Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, 383 N.E.2d 207.) However, in that case the essential feature which rendered the settlement an award was its adoption by the commission, such approval being the legal equivalent of an award within the meaning of that statute. In the instant case, the settlement on which the judgment was entered was the product of the parties themselves. It was presented to the trial court without third-party decision or approval, an essential element of an "award."

■■ Accordingly, we hold the instant judgment was not a judgment on an award within the meaning of section 3 of the Interest Act. The question remains whether it may be considered a judgment on a "report" within the meaning of that section.

Black's Law Dictionary defines "report" as (1) an official or formal statement of facts or proceedings (clearly not intended here) or (2) "[t]he formal statement in writing made to a court by a master, clerk, or referee, as the result of his inquiries into some matter referred to him by the court." (Black's Law Dictionary 1169 (5th ed. 1979).) We view this definition as requiring some action by someone other than the parties or the court. To be noted is the legislature's use of the word "report" elsewhere, in "An Act in regard to the practice in actions of ejectments," section 57 (Ill. Rev. Stat. 1977, ch. 45, par. 58): "The commissioners shall also estimate the value of the lands in dispute * * * and make report of the amount of such valuation to the court * * *."

■■ From the foregoing, we conclude the instant judgment was not a "report." Accordingly, we hold the instant judgment entered on a settlement agreement is not one which accrues interest under section 3 of the Interest Act.

■■ No Illinois case has been brought to our attention, and we know of none, in which this question has been directly considered. None of plaintiff's citations of authority considers the effect of section 3 of the Interest Act on a consent judgment on a settlement. However, in accord with our holding here is *Neal-Cooper Grain Co. v. Texas Gulf Sulphur*

*Co.* (7th Cir. 1974), 508 F.2d 283, a decision by which we are of course not bound (*City of Chicago v. Groffman* (1977), 68 Ill. 2d 112, 118, 368 N.E.2d 891, 894), wherein the court considered whether a money judgment entered on a stipulated counterclaim accrued interest under section 3 of the Illinois Interest Act. The court, noting a lack of Illinois authority to the contrary, refused to read the statute as that all-encompassing. The court held that the stipulation, though binding on the parties, did not rise to the stature specified in the statute:

> "The statute while giving some flexibility in its reference to 'award, report or verdict' appears clearly to us to refer to some action by the court on which the court has subsequently entered judgment." 508 F.2d 283, 296.

■■ Plaintiff advances no reason why interest should be deemed to have accrued upon the instant judgment save the mandate of section 3 of the Interest Act. Interest on a judgment is purely statutory, and did not exist at common law. (*Vinci v. Vinci* (1970), 131 Ill. App. 2d 496, 501, 266 N.E.2d 379, 383.) Plaintiff does not now contend that the parties agreed interest should be paid, and it does not appear of record that he pursued that theory in the trial court. We note, however, defendant's attorney's testimony and plaintiff's attorney's admission at the November 3, 1978, hearing on this matter, that no agreement was reached between the parties regarding payment of interest.

●■ Finding that oral argument would be of no assistance to the court in reaching its conclusion, we have taken the case under advisement without oral argument pursuant to Supreme Court Rule 352(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 352(a)). Only appellee requested oral argument. The judgment of the Circuit Court of Madison County is affirmed.

Affirmed.

JONES, P. J., and SPOMER, J., concur.