THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL ULLRICH, Defendant-Appellee.

Third District   No. 3—88—0221

Opinion filed February 9, 1989.

BARRY, J., dissenting.

Edward F. Masters, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The State appeals from a circuit court order, contending that the trial court erred in failing to impose on the defendant, Michael Ullrich, the statutorily mandated fine pursuant to section 15—113 of the Illinois Vehicle Code (the Vehicle Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 15—113). We affirm.

■ Mr. Ullrich has not submitted an appellee's brief. Nevertheless, where the record is simple and the court of review can easily decide the disputed errors without an appellee's brief, the reviewing court may decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The facts are not in dispute. Mr. Ullrich was charged with the offense of operating an overweight vehicle on an elevated structure (Ill. Rev. Stat. 1985, ch. 95½, par. 15—111(h)). The court accepted his blind plea stipulating to the facts alleged.

In sentencing, the State informed the trial court that the statutorily mandated fine under section 15—113 of the Vehicle Code, plus costs, amounted to $6,385. The court entered a judgment of conviction. In setting the amount of the fine, the court indicated that because Mr. Ullrich did not appear to have the resources to pay the amount called for by the statute, it would fine him only $200. The court later reduced the fine to $100, the amount posted as bond.

On appeal, the State contends that the trial court abused its discretion in sentencing. According to the State, the court had no authority to impose a fine less than that required by section 15—113 of the Vehicle Code. In support thereof, the State cites *People ex rel. Ward v. Salter* (1963), 28 Ill. 2d 612, 192 N.E.2d 882, a case directly on point. In *Salter*, the court held that the amount of the fine to be imposed under section 15—113 was mandatory.

We find that a subsequent statutory enactment calls into question the continued validity of the holding in *Salter*. In 1973 the legislature enacted section 5—9—1(d) of the Unified Code of Corrections (the Corrections Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1(d)).

Section 5—9—1(d) requires that in determining the amount of a fine, the court must consider the offender's financial resources and his future ability to pay.

An implied amendment arises out of the inconsistency between two statutes. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 415 N.E.2d 1034.) While implied amendments are not generally favored, a court will find that a later statute effects an amendment to an earlier statute when the two statutes are so inconsistent that they cannot co-exist. *Village of Monsanto v. Touchette* (1965), 63 Ill. App. 2d 390, 211 N.E.2d 471.

Section 15—113(a) of the Vehicle Code establishes a schedule of mandatory fines. Strict imposition of these fines would be inconsistent with the dictates of section 5—9—1(d) of the Corrections Code, which requires the trial court to consider the offender's financial situation in determining the amount of the fine to be imposed. In order for the two statutes to co-exist, we construe section 5—9—1(d) of the Corrections Code as effecting an amendment to the strict application of section 15—113(a) of the Vehicle Code. Accordingly, the mandatory fine schedule contained in section 15—113(a) of the Vehicle Code is subject to the overriding sentencing principles set out in section 5—9—1(d) of the Corrections Code. We note that the 1983 amendment to section 15—113 in essence only updated the schedule of fines and inconsequentially changed the wording of the statute. Ill. Ann. Stat., ch. 95½, par. 15—113, at 99 (Smith-Hurd 1988 Supp.).

For the foregoing reasons, we find that the trial court did not abuse its discretion by considering Mr. Ullrich's financial resources when the court determined the amount of his fine.

Therefore, the judgment of the circuit court of Will County is affirmed.

Affirmed.

WOMBACHER, P.J., concurs.

JUSTICE BARRY, dissenting:

I do not believe the mandatory fine provisions of the Illinois Vehicle Code were implicitly amended by the enactment in 1973 of the Unified Code of Corrections provision requiring a court to consider the financial resources and future ability to pay of the offender in determining the amount and method of payment. Section 5—9—1(d)(1) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1(d)(1)) would, in the case of a mandatory fine, require the court to fix a method of payment

commensurate with the offender's ability to pay, but would not give the court discretion not otherwise available to it to reduce the amount the fine decreed by the legislature.

Even if the majority is correct, and the 1973 statute did amend by implication the overweight fine provisions of the Motor Vehicle Code, the current schedule of overweight fines was enacted in 1983 with the same mandatory language as the previous version. (See Ill. Ann. Stat., ch. 95½, par. 15—113, at 99 (Smith-Hurd 1988 Supp.) (for legislative history of statute).) Accordingly, the 1973 provision of the Code of Corrections was implicitly amended by the 1983 Motor Vehicle Code enactment. By this reasoning, the mandatory fines are once again the law of Illinois. Obviously, had the legislature intended to give the trial court discretion in the matter of imposition of overweight fines, it would have been a simple matter to provide such authority by appropriate language in the 1983 statute. That was not done.

Here defendant's fine and costs totalled $100 rather than the $6,385 required by the current statute as adopted in 1983. The trial court erred and should be reversed. I therefore dissent from the majority opinion filed this day.