THE VILLAGE OF SPRING GROVE, Plaintiff-Appellant, v. JOHN A. KUBAT, Defendant-Appellee.

Second District   No. 2—89—1162

Opinion filed August 28, 1990.

John A. Roth, of Diamond, LeSueur & Roth, Associates, of McHenry, for appellant.

No brief filed for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Village of Spring Grove (Village), appeals following the judgment of the circuit court which found defendant, John Kubat, guilty of violating a Village ordinance. Plaintiff raises two issues on appeal: whether the trial court erred in imposing a fine lower than the mandatory amount; and whether the trial court erred in ordering the fine to be paid in installments without interest. We reverse and remand.

Defendant was charged with violating a weight restriction ordinance prohibiting the operation of vehicles with a gross weight exceeding 10 tons. (Spring Grove, Ill., Municipal Code, Ordinance 82(b)(3) (1986).) The trial court acquitted defendant of the charge on the basis that the traffic citation charged defendant with an excess weight of 25,600 pounds, whereas the proof showed an excess weight of 21,600 pounds. This court reversed, finding that the trial court erred in ruling that the variance between the pleadings and the proofs was fatal to defendant's conviction. (*Village of Spring Grove v. Kubat* (1989), 180 Ill. App. 3d 1105 (unpublished order under Supreme Court Rule 23).) We thus remanded the cause with directions that the trial court enter a finding of guilty and assess the appropriate fine.

On remand, the Village argued that defendant's excess weight of 21,600 pounds would yield a fine of $3,240 pursuant to the schedule of fines provided in the ordinance (see Ill. Rev. Stat. 1987, ch. 95½, par.

15—113(a)) and that such fine should be imposed. Defendant argued that, instead, the court should take into consideration his financial resources and his future ability to pay. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1(d); *People v. Ullrich* (1989), 178 Ill. App. 3d 1097.) In *People v. Ullrich*, the Appellate Court for the Third District held that section 5—9—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1) implicitly amended the mandatory fine schedule of the Illinois Vehicle Code (Vehicle Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 15—113) so as to require the court to consider the offender's financial resources and his future ability to pay in determining the amount of the fine. Relying on *Ullrich*, the trial court determined that it had the authority to impose a fine less than that prescribed by the Village ordinance. Thus, the trial court sentenced defendant with a fine of $2,880, payable in monthly installments of $60, over four years, without interest. Plaintiff timely filed its appeal pursuant to Supreme Court Rule 301 (107 Ill. 2d R. 301).

We initially note that defendant has not filed an appellee's brief. Since the record is clear, we shall decide the appeal on the merits pursuant to the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

■ Plaintiff first contends that the trial court lacked the authority to impose a fine below the mandatory amount. We agree. *Ullrich*, the appellate court case relied upon by the trial court, has been overruled by our supreme court in *People v. Ullrich* (1990), 135 Ill. 2d 477. The supreme court explained that section 5—9—1 "was intended to apply to discretionary fines and not to fixed, mandatory fines." (*Ullrich*, 135 Ill. 2d at 484.) Thus, where a mandatory fine exists, the trial court is afforded no discretion and must impose the mandatory amount set forth in the schedule of fines. We also note that section 5—9—1 was recently amended specifically to exclude chapter 15 of the Vehicle Code from its application. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—9—1(d).) Therefore, it is clear that a defendant's financial resources and his future ability to pay are not to be considered in determining the amount of a fine in such instances.

■ ■ Plaintiff next contends that it was error for the trial court to have ordered the fine to be paid in installments and without interest. Plaintiff argues that defendant is not an indigent and, therefore, he is capable of paying the fine. Plaintiff has cited no facts from the record to support its assertion that defendant is capable of paying the fine in a lump sum, but merely argues that his business can absorb the cost of the fine. The failure to cite to the record is a violation of Rule 341(e)(7), and, therefore, this argument is waived. (113 Ill. 2d R.

341(e)(7); *In re Marriage of Carey* (1989), 188 Ill. App. 3d 1040, 1045.) Furthermore, plaintiff has cited no authority for the proposition that, in Illinois, an offender must be indigent before a court may order a fine to be paid in monthly installments. Section 15—113 of the Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 15—113), which sets forth the schedule of fines for violations of the weight restriction provisions, does not provide for the method of payment of the fine. The only statutory section referring to the method of payment of fines is section 5—9—1 of the Unified Code of Corrections, which specifically provides that "[t]he court may order the fine to be paid forthwith or within a specified period of time or in installments." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1(e).) Thus, we find that the Village has not established that the court erred in ordering that the fine be paid in installments.

■ Plaintiff also argues that since the court ordered defendant to pay the fine in installments, the court was required to order defendant to pay interest as well. To do otherwise, plaintiff argues, would reduce the present value of the fine below the mandatory amount. While plaintiff's argument may have some merit, we can find no statutory provision, and the State has cited no Illinois authority, permitting the imposition of interest on such a fine (see *People v. Meyerowitz* (1975), 61 Ill. 2d 200, 211), and, thus, we decline to do so in this case.

For the above-stated reasons, the judgment of the circuit court is reversed, and the cause is remanded for the imposition of a fine in accordance with the mandatory fine schedule.

Reversed and remanded.

REINHARD and McLAREN, JJ., concur.