*In re* ESTATE OF BERTHA M. MARTIN, Deceased (Douglas Olivero *et al.*, Plaintiffs-Appellants, v. LaVerne M. Connell *et al.*, Defendants-Appellees).

Fourth District   No. 4—93—0235

Argued November 16, 1993.—Opinion filed December 9, 1993.

Louis E. Olivero (argued), of Peru, for appellants.

Ray Moss and Garry Bryan (argued), both of Ray Moss & Associates, P.C., of Clinton, for appellees.

JUSTICE GREEN delivered the opinion of the court:

On February 16, 1993, the circuit court of Piatt County entered an order awarding defendants LaVerne M. Connell and Joanne Nickelson, individually and as executors of the estate of Bertha M. Martin, interest on a $9,700 sanction previously imposed, pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137), in their favor and against plaintiffs Douglas, David, and Philip Olivero, and Marsha Olivero Kimmel, and their attorney Louis Olivero. The order represented interest which accrued on the $9,700 sanction dating from the entry of the order on November 28, 1990, until October 20, 1992, which was near a date when plaintiffs had paid the principal amount to the clerk of the circuit court.

Section 2—1303 of the Code of Civil Procedure (Code) states, with exceptions not relevant here, that "[j]udgments recovered in any court shall draw interest at the rate of 9% per annum from the date

of the judgment until satisfied." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1303.) Plaintiffs have appealed, contending that the order of November 28, 1990, is not a civil "judgment" and that if the order is such a judgment, the award draws no interest because it is in the nature of a fine which does not draw interest. We disagree with plaintiffs and affirm.

This is the fourth time this case has been before this court. Bertha Martin died July 2, 1983, and in her will devised realty to her daughters Nickelson, Smith, and Connell and decedent's grandchildren: Douglas, David, and Philip Olivero and Marcia Olivero Kimmel. The residue of the estate was devised in equal shares to Nickelson, Smith, and Connell. Following two appeals to this court relating to the distribution of the estate, this court affirmed the trial court's order awarding sanctions. (*In re Estate of Martin* (4th Dist. 1992), No. 4—91—0533 (unpublished order under Supreme Court Rule 23).) The Oliveros then filed a petition for leave to appeal in the Illinois Supreme Court. The petition was denied on October 7, 1992. *In re Estate of Martin* (1992), 146 Ill. 2d 628.

After leave to appeal was denied, plaintiffs sent a check for $9,700, the amount of the sanction award, to the clerk of the circuit court contending that this payment fully satisfied the sanction order. On November 13, 1992, defendants sent a letter to that clerk stating they would not accept $9,700 as full satisfaction and demanding an additional payment of $1,690 as statutory interest. On January 19, 1993, defendants filed in the circuit court a motion to compel plaintiffs to pay interest on the sanction award. After a hearing on that motion, the circuit court entered the order on February 16, 1993, from which appeal is taken.

Direct precedent in regard to the issues is difficult to find, but we agree with the analysis of the circuit court. It concluded that the sanction order was a judgment, noting that plaintiffs maintained the sanction was a final judgment when they appealed the sanction. The court stated it did not equate the payment of a fine under State statutes or municipal ordinances with the assessment of sanctions under Rule 137, even though both are penal in nature.

The court explained that a fine is assessed for violation of a State law or municipal ordinance and is payable to the State, county or municipality. However, a Rule 137 monetary sanction is a pecuniary award payable for a violation of the rule by the party in violation to the aggrieved party to reimburse that party costs of litigation caused by the act of the sanctioned party. The court concluded that Connell and Nickelson were entitled to receive their award promptly, as was

any other judgment debtor, and plaintiffs' failure to make payment subjects them to interest on the award.

Plaintiffs begin their argument that the November 28, 1990, order of sanction has not drawn interest, by citing *Blakeslee's Storage Warehouses, Inc. v. City of Chicago* (1938), 369 Ill. 480, 17 N.E.2d 1. There, a plaintiff had received a judgment for condemnation of property and sometime after the award, the amount of the judgment was paid and accepted without interest. More than five years later, that plaintiff sought interest (a) for the time between award and payment, and (b) upon the amount of interest due on payment date until date of suit for the interest. The supreme court upheld the trial court's denial of interest as to item (a) because of a five-year statutory period of limitation (Ill. Rev. Stat. 1937, ch. 83, par. 16) and as to item (b) because interest upon interest could not be obtained. Had the right to interest been a part of the condemnation judgment, a 20-year period of limitation would have been applicable (Ill. Rev. Stat. 1937, ch. 83, par. 26). In explaining the decision, the court described a "judgment" as "the law's last word in a judicial controversy and may be defined as the final consideration and determination of a court upon matters submitted to it in an action or proceeding." *Blakeslee's*, 369 Ill. at 482, 17 N.E.2d at 3.

Plaintiffs then note that Rule 137, upon which the sanction was based, makes clear that proceedings under the rule do not give rise to a separate cause of action. It states in part:

"All proceedings under this rule shall be within and part of the civil action in which the pleading, motion or other paper referred to has been filed, and no violation or *alleged violation* of this rule *shall give rise to a separate cause of action*, or another cause of action within the civil action in question, by, on behalf of or against any party to the civil action in question, and by, on behalf of or against any attorney involved in the civil action in question." (Emphasis added.) (134 Ill. 2d R. 137.)

Plaintiffs reason that, accordingly, the order for a sanction cannot be a judgment because it cannot be "the final consideration and determination of a court upon matters submitted to it in an action or proceeding."

Plaintiffs' reasoning fails to take into consideration concepts of the meaning of the word "judgment" which have developed since 1938 when the cited *dictum* of *Blakeslee's* was set forth. Section 2—1301(a) of the Code states that, "[m]ore than one judgment may be entered in the same cause." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1301(a).) Similarly, Supreme Court Rule 2(b)(2) states:

"The following meanings are to be given terms used in these rules:

\* \* \*

(2) 'Judgment' also includes decree, determination, decision, order, or portion thereof." (134 Ill. 2d R. 2(b)(2).)

In addition, Supreme Court Rule 304(b)(1) provides that a "judgment or order entered in the administration of an estate \*\*\* which finally determines a right \*\*\* of a party" is appealable as a matter of right. (134 Ill. 2d R. 304(b)(1).) The imposition of the sanction was appealable to this court because of Rule 304(b) even though the estate proceeding was not completed.

Accordingly, we conclude that under section 2—1301(a) of the Code, the sanction order did not need to finally determine the whole proceeding in order to be a judgment within the meaning of the Code or to be appealable under supreme court rules. The inescapable conclusion from the above is that, in an estate proceeding, when an order finally determines the right or claim of a party, that order is also a judgment. While Supreme Court Rule 304(b)(1) speaks of a "judgment or order," this is in the context of the definition set forth in Supreme Court Rule 2(b)(2) (134 Ill. 2d R. 2(b)(2)), which includes an "order" within the term "judgment" for purposes of the supreme court rules. As the sanction order finally determined the right to the sanction, not considering it as a judgment until the entry of the order closing the estate would be illogical.

Plaintiffs maintain that the case of *Cashmore v. Builders Square, Inc.* (1990), 207 Ill. App. 3d 267, 565 N.E.2d 703, is significant. The case concerned multiple attempts to appeal from judgments in various cases where petitions for sanctions had been granted pursuant to then section 2—611 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—611 (repealed by Pub. Act 86—1156, eff. August 10, 1990)), predecessor to the present Rule 137 and upon which Rule 137 is modeled. Those appeals were dismissed for the lack of an appealable judgment. With the petitions for sanctions outstanding, no judgment final as to all claims and all parties existed to create appealability as a matter of right as set forth in Supreme Court Rule 301. (134 Ill. 2d R. 301.) The appellate court indicated that had a finding been made pursuant to Rule 304(a) (134 Ill. 2d R. 304(a)), the judgments would have been appealable.

We do not see how *Cashmore* has substantial significance in this case. If it adds anything to analysis of whether a monetary award as a sanction is a judgment, the implication from the decision would seem to be that ruling on the award is a judgment because, absent

the ruling, the trial court did not have judgments as to all claims and all parties.

Plaintiffs also assert that their position that the sanction award was not subject to interest is supported by *Lorts v. Illinois Terminal R.R.* (1980), 80 Ill. App. 3d 974, 400 N.E.2d 715, and *People v. Johnson* (1981), 87 Ill. 2d 98, 429 N.E.2d 497. *Lorts* held that a judgment entered by agreement of the parties did not draw interest under then section 3 of the Interest Act (Ill. Rev. Stat. 1977, ch. 74, par. 3). Without passing upon whether we agree with *Lorts*, we note the differences between it and this case. The *Lorts* court indicated that the consent judgment was not pursuant to an "award," or a "report" as those words were used in section 3 of the Interest Act, along with the term "verdict," as the basis for a judgment drawing interest. (*Lorts*, 80 Ill. App. 3d at 978-79, 400 N.E.2d at 718-19.) Similar language appears in section 2—1303 of the Code, but here, the sanction was not imposed by agreement, and it was clearly an "award." In *Johnson*, the supreme court held that a court-appointed attorney in a criminal case was not entitled to interest on a fee whose hourly rate had been fixed by the court, but no dollar amount had been stated. (*Johnson*, 87 Ill. 2d at 106-07, 429 N.E.2d at 500.) Here the sanction was stated in a fixed dollar amount.

We are satisfied that the award entered on November 28, 1990, upon which interest was granted, is a judgment within the meaning of the Code.

Plaintiffs' assertion that the sanction award, even if it is a judgment, was not subject to interest is based upon our statement in *In re Marriage of Sykes* (1992), 231 Ill. App. 3d 940, 946, 596 N.E.2d 1226, 1230, that Rule 137 sanctions are "penal in nature," and *Village of Spring Grove v. Kubat* (1990), 201 Ill. App. 3d 991, 994, 559 N.E.2d 1081, 1083, where a fine imposed for a municipal ordinance violation was held to be immune from interest. However, in *Kubat* the order imposing the fine stated that it would not draw interest. The *Kubat* court drew analogy to the criminal law for the payment of a fine in installments, *i.e.*, the form of the fine; we note no provision exists for interest on fines. As stated in *Sykes*, an award of damages as a Rule 137 sanction is punitive. The best analogy to the type of damages involved under that rule, however, is the award of exemplary or punitive damages in civil cases. No argument has been presented that those damages do not draw interest after award until paid.

In a recent bankruptcy opinion, the court found that interest should apply on sanctions awarded under section 1961(a) of title 28 of the United States Code (28 U.S.C. §1961(a) (1988)). (*In re Mapson*

(C.D. Ill. 1988), 93 Bankr. 161, 171.) Section 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." (28 U.S.C. §1961(a) (1988).) The court stated "[t]here is no apparent reason why §1961 should not apply to an award of sanctions which is a form of civil judgment entered on a motion." (*Mapson*, 93 Bankr. at 171.) The sanctions were awarded in that case pursuant to Bankruptcy Rule 9011, which is a modified version of Federal Rules of Civil Procedure 11 (Fed. R. Civ. P. 11). Section 2—611 of the Code adopted verbatim the key language of Rule 11.

We affirm the judgment on appeal.

Affirmed.

KNECHT and COOK, JJ., concur.