(No. 26512.—

JOHN H. FREASMAN *et al.* Appellees, *vs.* ALICE SMITH *et al.* —(WILLIAMS WEEGENS, Appellant.)

*Opinion filed January 22, 1942.*

BURRELL, BURRELL & SNOW, and FRANK KERR, (BERT SNOW, of counsel,) for appellant.

MANUS & MANUS, A. J. CLARITY, MIDDLEKAUFF & BECKMIRE, and L. A. JAYNE, (ALBERT H. MANUS, of counsel,) for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from an order of the circuit court of Stephenson county denying the motion of appellant, William Weegens, for leave to intervene in this cause and to become a party. Appellant, by the motion, also asked the court to set aside an order entered on December 2, 1940, vacating and setting aside a decree entered on November 1, 1940, and to vacate and set aside a decree entered on December 2, 1940. The procedure shown by the record is both interesting and unusual. A full statement of the facts is necessary to a clear understanding of the procedure followed and its purposes.

William Reemts died on January 7, 1939. He left no widow, child, or children, or descendants of child, or children, him surviving. He left certain collateral kindred as his only heirs-at-law. It is alleged that he was a resident of Stephenson county at the time of his death. He left

an instrument dated November 3, 1938, purporting to be his last will and testament. On February 15, 1939, this instrument was admitted to probate by the county court of Stephenson county, as his last will and testament. By this will the testator gave all his property to appellee, Alice Smith, who apparently had nursed him at various times prior to his death. Appellee, M. L. Karels, a brother of Alice Smith, was named executor. The will was witnessed by two daughters of Alice Smith. It purports to dispose of both real and personal property.

On February 7, 1939, an instrument purporting to be the last will and testament of said deceased, dated May 28, 1936, was filed by appellant in the office of the clerk of the county court of Ogle county. Deceased had, until shortly before his death, resided in Ogle county. In that will he was described as a resident of that county. By this purported will, after making one special bequest of $1000 to another, all the residue and remainder of decedent's property was given to appellant, William Weegens. Weegens was also named therein as executor.

On October 18, 1939, certain individuals who styled themselves as heirs-at-law of William Reemts filed this suit in the circuit court of Stephenson county to contest and set aside the will dated November 3, 1938, and which was admitted to probate by the county court of Stephenson county on February 15, 1939. Alice Smith, the sole legatee, and M. L. Karels, the executor, were the only parties named defendants in the suit. They were duly served with process. They appeared and filed their joint answer on November 16, 1939.

Apparently no further steps were taken in the case until November 1, 1940. On that date a decree was entered by the court finding and decreeing that the instrument admitted to probate by the county court of Stephenson county, dated November 3, 1938, was not the last will and testament of the said William Reemts. This decree purported

to have been entered upon a hearing and trial of the issues by the court, a jury having been waived. It recites that the findings therein are based upon the evidence and proofs, heard by the court. The decree declared the will and the probate proceedings null and void and ordered the estate distributed among the heirs-at-law of the deceased according to their respective interests therein.

On December 2, 1940, all the plaintiffs in the suit, except Annie Diehl, filed a motion, in which it was alleged that Annie Diehl, one of the plaintiffs, died intestate on January 16, 1940, and that she left surviving her husband and two adult children. It was alleged that the heirs of Annie Diehl were not parties to the suit and had not consented to the entry of the decree on November 1, 1940. It was further alleged that the rights and interests of the plaintiffs were prejudiced by that decree and because of the fact that the heirs-at-law of Annie Diehl, one of the original plaintiffs, were not parties to the suit, the court did not have jurisdiction of all the parties in interest at the time that decree was entered. They asked that the court enter an order vacating and setting aside the decree entered on November 1, 1940, and for leave to make the surviving husband and two sons of Annie Diehl parties. The motion was supported by affidavit. On the same day, Alice Smith and M. L. Karels, as executor, entered their appearances, in writing, and consented to the entry of an order vacating and setting aside the decree of November 1, 1940, and granting the relief prayed for in the motion of the plaintiffs. On the same day, the court entered an order, as prayed, vacating and setting aside that decree. On the same day, the plaintiffs filed a motion suggesting the death of Annie Diehl and asked leave to amend the complaint making the surviving husband and children of Annie Diehl parties plaintiff. This motion was joined in by all the heirs of Annie Diehl. An order was entered allowing said motion.

On the same day, a decree was entered which recites, "that a stipulation has been entered into, by and between all of the present parties to this suit for the entry of this decree." The provisions of this decree are unusual. Contrary to the decree of November 1, which was entered upon a hearing, it first specifically finds that the instrument dated November 3, 1938, purporting to be the last will and testament of the deceased, which was admitted to probate by the county court of Stephenson county, is the last will and testament of said deceased. It then finds "that the assets of said estate shall be distributed among the parties hereto, as in this decree more fully set forth, and that all charges of incompetency and undue influence in the complaint herein be and are hereby withdrawn." In the decretal part it was ordered that said instrument "be and the same is hereby declared to be the last will and testament of said deceased, and that all proceedings of probate had in the county court of Stephenson county in connection with said will, be and the same hereby are ratified and confirmed." It further recited that Karels, who was named executor of the will which was found not to be the last will and testament of the deceased by the decree of November 1, 1940, had filed his report in the county court and had resigned as executor. Further, that John H. Freasman, one of the plaintiffs, was then the personal representative of the estate, "and that it has been agreed by and between the parties hereto that the said M. L. Karels shall not be reinstated as executor in said estate." Then follows a finding in the decree that it has been agreed between the parties that all claims including attorneys fees and executors fees shall be allowed, "and that neither the said M. L. Karels or Alice Smith shall have any further claim against said estate, and that all accounts of said M. L. Karels, as executor, had in the county court of Stephenson county, or in any other court of this State, shall be ratified and approved, and that neither the said Alice Smith or M. L. Karels shall have any further interest

in said estate, and shall assign and release all their right, title and interest in the estate of William W. Reemts, deceased, to the heirs-at-law of said William W. Reemts, deceased, or to John H. Freasman for the benefit of all of said heirs in shares and proportions as their interest may appear, and that neither the said Alice Smith nor M. L. Karels shall be personally liable for any claims against said estate." The decree then proceeds: "It is therefore ordered, adjudged and decreed by the court that all of said provisions as agreed upon by and between the parties hereto be and they are hereby declared a part of this decree, and it is further ordered, adjudged and decreed by the court that all the said provisions and agreements by and between the parties hereto as recited in this decree shall be binding upon the parties to this suit." This stipulation, or agreement, which is made a part of the decree, by reference, does not appear in the record.

On December 11, 1940, appellant filed in the cause a petition for leave to intervene. In the petition he alleged that on that day he had filed a petition in the county court of Stephenson county to probate the purported will dated May 28, 1936, a copy of which was attached to the petition as exhibit A. He further alleged that he had filed a petition in the county court of Stephenson county to set aside and vacate the order of that court entered on November 12, 1940, approving the final report of the executor named in said will. He alleged that the decree of the court entered on December 2, 1940, vacating and setting aside the decree entered on November 1, and all proceedings had in connection therewith, were void and beyond the jurisdiction of the court. He asked that the decree of December 2, 1940, be vacated and set aside and that he have such other and further relief as might be necessary and proper. On January 3, 1941, all of the plaintiffs and all of the defendants in the suit joined in a motion to strike appellant's petition. This motion was heard by the

court on July 18, 1941, and sustained. For the purpose of reviewing this order appellant has perfected the appeal to this court.

One of the grounds on which appellant, by his motion, challenged the jurisdiction of the court to enter the order vacating the decree of November 1, was that the court had no jurisdiction to enter that order on December 2. We express no opinion as to whether the motion filed on December 2 to vacate the decree entered on November 1 (December 1 falling on Sunday,) was filed in apt time.

The decisive question is whether appellant had the right to intervene and become a party to the suit. The decision of this question depends on whether his rights were affected by the decree of November 1, or the decree of December 2. He was not a necessary party to the suit to contest the will. It is true that one having an interest under a prior will either because he is named an executor or devisee therein, may maintain a suit to contest a later will. (*Adams v. First M. E. Church,* 251 Ill. 268.) This does not mean, however, that those desiring to contest a will must, at their peril, make everyone parties who might be interested in some prior will of the deceased. They are only required to make those persons parties who have an interest in the will involved in the contest, or who are otherwise interested in the estate of the deceased. Appellant cannot sustain his right to intervene on the ground that he was a necessary party to the suit. He can only claim this right if his rights were prejudiced or injuriously affected by the decree of December 2. Clearly he was not prejudiced by the decree of November 1. By that decree the will of November 3, 1938, was decreed not to be the will of the deceased. It is only those who claimed under that will whose rights were affected by the entry of that decree. There was nothing in that decree which in any way interfered with appellant's right to probate the will dated May 28, 1936, if such will was properly proved and established.

The sole question is: What was the effect of the decree of December 2 on the right of appellant to probate the prior will? By that decree the later will was found to be the last will of the deceased. If that decree is binding on appellant it would necessarily prevent the probate of the prior will. The decree of December 2, finding the later will to be the last will of the deceased, if it is binding on appellant or others in the same situation who were not parties to the suit, would bar the probate of the earlier will.

That decree is most unusual. It is a monstrosity on its face. The record justifies the conclusion that in procuring the entry of that decree the court was not used for the purpose of obtaining a judicial pronouncement. It was resorted to only as a convenience and as a means to an end. The decree first establishes the instrument as the last will of the testator and then decrees that nothing shall pass under it, but that the entire estate shall descend to his heirs-at-law, as intestate property. It was an abortive attempt to bar the admission to probate of any other will of the testator on petition of others who were not parties to the suit. Undoubtedly its provisions were never disclosed to the court. When these provisions, from which its purposes clearly appear, were brought to the attention of the court in any manner, the court, for its own protection, and for the maintenance of its own proper dignity, should have set it aside on its own motion.

The court could not, however, vacate the decree on motion of appellant. His rights were in nowise prejudiced or injuriously affected by its entry. It shows on its face that it was a consent decree. It was binding only on those who consented to its entry. It could not operate as an adjudication or be pleaded or shown in bar of any subsequent proceedings for the probate of another will shown to have been properly executed by the deceased. For such purpose it was an absolute nullity and without force and effect.

This court, in *Wadhams* v. *Gay,* 73 Ill. 415, quoting from Lord Chancellor Chelmsford said: "The *interlocutor* (judgment) in the former action having been the result of a compromise between the parties, it cannot be considered as a *judicium;* nor can it be admitted as *res adjudicata.* Lord Romilly said: 'In my opinion *res adjudicata* signifies that the court has, after argument and consideration, come to a decision on a contested matter. Here, the court exercised no judicial function upon the subject. It has merely exercised an administrative function, by recording the *interlocutor* which had been agreed to between the parties.' " In that case the court further said: "These judicial utterances are quoted, not as authority for disturbing anything which has been done, but as illustrative of the nature of judgments by consent as differing from judgments *in invitum,* and the extent to which they may be deemed to partake of the character of the party's own act of agreement."

In *Farwell* v. *Great Western Telegraph Co.* 161 Ill. 522, this court, after quoting with approval the above language from *Wadhams* v. *Gay, supra,* quoted from *Earl of Bandon* v. *Becher,* 3 C. & F. (H. L. Cas.) 479, as follows: "A sentence is a judicial determination of a cause agitated between real parties, upon which a real interest has been settled. In order to make a sentence there must be a real interest, a real argument, a real prosecution, a real defense, a real discussion. Of all these requisites not one takes place in the case of a fraudulent and collusive suit. There is no judge, but a person invested with the insignia of a judicial office is mis-employed in listening to a fictitious cause proposed to him. There is no party litigating, there is no party defendant, no real interest brought into question."

The record in this case shows that at the time the decree of December 2 was entered, there were no issues before the court. There was no contest. The court had no power to enter a decree in the form of that decree, except with the consent of the parties. Obviously the court could not

enter a decree establishing the instrument as the last will and testament of the deceased and by the same decree direct that the entire estate descend as intestate property and not under the will. Such a decree could only be entered by consent. It shows on its face that it was entered by consent. The parties having consented to the decree in this form, there was no issue between them. The case was wholly moot. The decree was obtained not upon any issue involved in the case, but solely in the furtherance of the agreement of the parties.

In *People ex rel. Graff* v. *Chicago, Burlington and Quincy Railroad Co.* 247 Ill. 340, the court said: "To bring a case within the rule that a former judgment is *res judicata* of the cause of action it must appear that such former adjudication was upon a matter contested between the parties, * * * and if a suit is devised for the purpose of having a certain judgment entered, it will not be binding upon the public or those who are not parties to the scheme adopted for that purpose."

In *Green* v. *Hutsonville School District,* 356 Ill. 216, the court again affirmed the rule as stated above, citing *Wadhams* v. *Gay, supra, People ex rel. Oliver* v. *Knopf,* 198 Ill. 340, *People* v. *Chicago, Burlington and Quincy Railroad Co. supra,* and *People ex rel. Childress* v. *Illinois Central Railroad Co.* 298 Ill. 516.

It follows that the decree of December 2 having been entered as a consent decree, it in no way prejudiced or injuriously affected the rights of appellant. He was neither a party nor privy to any party to that suit. It was not a decree pronounced by the court in the exercise of judicial function, but was only a contract between the parties to it. It is wholly ineffective as to all persons not parties to it. As to appellant, it was not an adjudication and he is not in any sense affected by it.

It is unnecessary for us to express any opinion as to the effect of the decree of November 1 on the rights of the heirs-at-law of Annie Diehl, who were not parties to

the suit at the time that decree was entered. They have not challenged that decree. When they do so, it will be time enough to consider its effect, if any, upon their rights.

Appellant was not injured or prejudiced by the decree of December 2. He was not a necessary party to the suit. The court did not err in denying his petition for leave to intervene. The judgment of the circuit court of Stephenson county is affirmed.

*Judgment affirmed.*