(No. 27099.—Judgment affirmed.)

IN RE ESTATE OF WILLIAM W. REEMTS.—(WILLIAM WEEGANS, Appellant, *vs.* JOHN H. FREASMAN *et al.,* Appellees.)

*Opinion filed May 20, 1943—Rehearing denied Sept. 16, 1943.*

Gunn, J., dissenting.

Burrell & Burrell, and Frank Kerr, (David M. Burrell, of counsel,) for appellant.

Manus & Manus, Seyster & Fearer, and L. A. Jayne, for appellees.

Mr. Justice Thompson delivered the opinion of the court:

This is the second time the parties involved in this appeal have been before this court in a dispute concerning the estate of William W. Reemts, deceased. The first was a chancery proceeding originally brought to contest decedent's will dated November 3, 1938, and our decision in that case is reported in *Freasman* v. *Smith*, 379 Ill. 79. The present appeal is from an order striking and dismissing two petitions filed by appellant in the county court of Stephenson county on December 11, 1940, one of the petitions filed on that date being to probate a purported will of decedent dated May 28, 1936, and the other petition seeking to vacate an order of that court approving the final report of the executor of the 1938 will and for an accounting.

A statement of the pertinent facts and a brief history of the previous litigation is as follows: William W. Reemts died on January 7, 1939, leaving no widow or descendants, but leaving certain collateral kindred as his only heirs-at-law. He left an instrument dated November 3, 1938, purporting to be his last will and testament, in which appellee Alice Smith is named as sole beneficiary, and appellee M. L.

Karels as executor. This will was admitted to probate by the county court of Stephenson county on February 15, 1939. Decedent, prior to the date of the will admitted to probate, had on May 28, 1936, executed a will, in which, after making one special bequest of $1000 to another, all the remainder of his property was given to appellant, William Weegens, who was also named as executor. This prior will was in the possession of appellant at the time of decedent's death, although they were then involved in litigation, there being a suit pending in which Weegens was claiming title to certain real estate of Reemts, which suit was subsequently decided by this court adversely to Weegens. *Weegens* v. *Karels,* 374 Ill. 273.

October 18, 1939, the heirs-at-law of Reemts filed in the circuit court of Stephenson county a complaint in chancery against appellees Alice Smith and M. L. Karels to contest and set aside the will dated November 3, 1938, which had been admitted to probate; and on November 1, 1940, a decree was entered in the case declaring the will and the probate proceedings null and void and ordering the estate distributed among the heirs-at-law of the decedent according to their respective interests. It recites that a jury trial was waived and that the findings therein are based upon the evidence and proofs heard by the court; and, as stated in *Freasman* v. *Smith,* 379 Ill. 79, it purports to have been entered upon a hearing and trial of the issues by the court. After the entry of this decree, Karels resigned as executor. Appellee John H. Freasman, one of the heirs, was appointed administrator *de bonis non.* Karels filed his final report as executor, setting up that he had paid to Mrs. Smith $2500 for "claim per stipulation," that he had paid attorneys fees "per stipulation," and had paid the remainder of the estate funds, amounting to $3817.45, to appellee John H. Freasman, "for heirs per stipulation." This report was, by consent of the heirs and Mrs. Smith, approved by the county court on November 12, 1940.

On December 2, 1940, all the plaintiffs in the chancery suit, except Annie Diehl, filed a motion in the circuit court, to vacate and set aside the decree of November 1, 1940. The reason assigned in the motion was that Annie Diehl, who lived in Nebraska, had died intestate January 16, 1940, that her heirs were not parties to the suit and had not consented to the decree of November 1, 1940. The defendants, Alice Smith and M. L. Karels, entered their appearance in writing and consented to the entry of an order vacating the decree. The court then, on the same day, entered an order vacating the decree. The plaintiffs amended the complaint by joining the heirs of Annie Diehl as parties plaintiff, and on the same day, December 2, 1940, another decree was entered by the consent of all parties to that suit. This decree found the will dated November 3, 1938, to be the last will and testament of the deceased, and the probate of the same to be valid, but instead of ordering the property distributed according to the terms of that will, it provided that the final report of Karels filed in the county court was ratified and approved, that neither he nor Alice Smith should have any further interest in the estate, and that the property should go to the heirs-at-law of the testator.

On December 11, 1940, appellant filed in the cause in the circuit court a petition for leave to intervene, setting up that the decree of December 2, 1940, was in fraud of his rights and was void, and asking that the same be vacated and set aside. The petition for leave to intervene was, on motion of all the parties to the suit both plaintiff and defendant, stricken by the circuit court. Weegens appealed to this court. (*Freasman* v. *Smith,* 379 Ill. 79.) Upon that appeal we held that inasmuch as the decree of December 2, 1940, was entered by consent and binding only on those who consented to its entry, Weegens was in no sense affected thereby and his rights were in nowise prejudiced or injuriously affected by its entry. He therefore had no standing in court to complain of the decree, and we accordingly

affirmed the judgment of the circuit court denying his petition for leave to intervene.

Appellant, William Weegens, here urges that our decision in *Freasman* v. *Smith,* 379 Ill. 79, is an adjudication that the decree of November 1, 1940, was not a consent decree but a decree entered after a hearing upon contested issues. He points out that we there stated that nothing in that decree in any way interfered with his right to probate the will of May 28, 1936. He contends that the necessary effect of our former decision is that he now has the right and is entitled to probate said will. On the other hand appellees claim that this court did not in *Freasman* v. *Smith,* 379 Ill. 79, make any finding nor pass upon the question whether the decree of November 1, 1940, was entered by consent, but only referred to it as *purporting* to have been entered upon a hearing and trial of the issues by the court. They further contend it is established by the record and the evidence in the instant case that the decree of November 1, 1940, was in fact a consent decree, and call to our attention that in the argument before this court in the former case it was earnestly insisted by Weegens that it was a consent decree and could not therefore be vacated by the parties. Appellant, Weegens, in his reply brief admits this, but maintains that our decision in *Freasman* v. *Smith,* 379 Ill. 79, is *res judicata* on this question and establishes beyond controversy the fact that the decree of November 1, 1940, is a decree *in invitum.*

We are not convinced that the questions arising upon this record may be regarded as settled by our decision in the former case. Neither do we consider the character of the decree of November 1, 1940, whether a consent decree or a decree *in invitum,* as important either in the decision of the former case or the one now before us. The question for our decision in the former case was whether Weegens should be allowed to intervene and ask that the decree of December 2, 1940, be vacated. He was there seeking to intervene after the issues between the

original parties had been determined and a final decree entered, which is never permissible, it being fundamental that leave to intervene must be sought during the pendency of a suit. (*Fisher* v. *Capesius,* 369 Ill. 598; *Lenhart* v. *Miller,* 375 Ill. 346; *Groves* v. *Farmers State Bank,* 368 Ill. 35.) It was not material to the issues before us whether the decree of November 1, 1940, was entered by consent or upon a contested trial before the court. If it was not a consent decree, then clearly he was benefited and not prejudiced by the same. If a consent decree, it was not an adjudication as to him and any rights he might possess could not be affected.

The decree of November 1, 1940, was set aside by an order entered on December 2, 1940. This order was not involved in the former case, in which we decided that the decree, entered on the same day, but subsequent to the entry of that order, was a consent decree and did not affect Weegens, because he was not a party to the suit and did not consent to the entry of the decree.

The decree of November 1, 1940, could not become a final, conclusive adjudication until the expiration of thirty days from the date of its rendition. (Ill. Rev. Stat. 1941, chap. 77, par. 82.) Within that time the court had the power to set it aside. (Ill. Rev. Stat. 1941, chap. 77, par. 83.) This was done by the order entered on December 2, which was within the thirty days, (December 1, 1940, being Sunday,) computing the time according to the statute. (Ill. Rev. Stat. 1941, chap. 131, par. 1[11].) Whether the decree of November 1, 1940, was a consent decree or one entered on contested issues, the court in either event could lawfully vacate it within thirty days. When, within that time, it was lawfully vacated by the order entered December 2, 1940, it made no difference whatever whether that order was entered upon a contested motion or upon a motion consented to by all the parties. The result would be the same regardless of the motivation

upon which the court acted in entering the order. The decree of November 1, 1940, was vacated, set aside, and entirely eliminated from the case as effectively as if it had never been entered. Being therefore no longer existent, it could not become a final decree upon the expiration of said thirty-day period. The setting aside and vacation of the decree of November 1, 1940, left the order of the county court, admitting the 1938 will to probate, in full force and effect, with the contest proceedings still pending. No earlier will could be admitted to probate until that order of the county court was set aside. Weegens could, at any time within one year from the date when said will was admitted to probate, have commenced a separate suit on his own behalf to contest that will, or intervened and become a party to the will-contest suit in which the decree of November 1, 1940, was entered. He had full knowledge of its pendency, and could have intervened in apt time as a matter of right. Not having so intervened and become a party contestant in that suit, he was not in a position to thereafter object to the order vacating that decree. It is equally clear that he could not claim any rights under that decree after it was lawfully vacated and no longer existent. The order of December 2, 1940, did not purport to be and was not an adjudication either of the validity or invalidity of the order of the county court admitting the will dated November 3, 1938, to probate. It merely left the order of probate in full force. This order was never subsequently set aside. Obviously, appellant is not entitled to ask for the probate of an earlier will while this order of the county court admitting to probate the will of November 3, 1938, remains in full force and effect. It follows, for this reason, the judgment of the circuit court should be affirmed.

*Judgment affirmed.*

Mr. JUSTICE GUNN, dissenting.