Charles F. HALL et al., Appellants,

v.

ST. LOUIS UNION TRUST CO. et al., Respondents.

No. 41116.

Missouri Court of Appeals, Eastern District, Division Three.

April 1, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 19, 1980.

Application for Transfer Withdrawn Aug. 20, 1980.

James B. Herd, St. Louis, for appellants.

David S. Slavkin, Robert G. Brady, Bryan, Cave, McPheeters & McRoberts, St. Louis, for respondents.

REINHARD, Judge.

Plaintiffs appeal from an order of the trial court dismissing their petition contesting the will of Mrs. Elinor Anheuser Stortz. On motion of some of the defendants, the petition was dismissed for failure of plaintiffs to join and serve a necessary party within the "statutory period."

Admitted for probate in October, 1977, was a seven page will dated August 16, 1974 and three two-page codicils dated December 2, 1974, March 4, 1975 and October 22, 1976. Letters testamentary were issued on the 21st of October, 1977 and first publication of letters of administration was October 25, 1977.

These documents named various individuals, four charities, and two universities as beneficiaries. The first codicil changed the bequests of two of the individuals. The second codicil changed the amounts of certain monetary bequests. The third codicil cancelled one article of the original will of August 16, 1974, in which a bequest was made to Carolyn Walsh, stating as the reason that the amount of the former bequest ($5,000) had already been paid to Mrs. Walsh.

Plaintiffs filed a petition to contest the will on April 24, 1978.[1] They joined as defendants the co-executors and all beneficiaries named under the will and codicils, except Carolyn Ann Walsh and Gertrude Seibel. Service was obtained on all defendants.

In their petition, plaintiffs allege that they are heirs at law of testatrix and further allege "that the purported *Will and Codicils* . . . is not in truth and fact the Last Will and Testament of . . . Elinor Anheuser Storz [testatrix]" (emphasis added). As reason therefor they allege that the purported will and codicils were executed while the testatrix was being unduly influenced, lacked mental testamentary capacity, and was acting under false delusion.

Defendants Washington University and Creighton University filed motions to dismiss in September, on the grounds that plaintiffs had failed to join and serve all necessary parties. They contended and the trial court agreed that Carolyn Walsh, whose bequest was cancelled in the third codicil as having already been paid, was a necessary party in this proceeding and that failure to join her as a defendant and serve her within ninety days of filing of the petition was fatal.

The sole question with which we are presented, then, is whether Carolyn Walsh, whose bequest was cancelled by a later codicil, is a necessary party in a suit contesting the original will and subsequent codicils.

A will contest action exists only by statute and must be maintained in accord-

---

1. The petition was filed within six months after the first publication of notice of granting of letters of administration. § 473.083[1] RSMo. 1975 Supp.

ance with the prescribed limits of the statute. *Blatt v. Haile*, 291 S.W.2d 85, 88 (Mo. 1956); *Godsy v. Godsy*, 531 S.W.2d 547, 549 (Mo.App. 1975).

Section 473.083(4) RSMo. 1975 Supp., provides:

4. In any such action the petitioner shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant, duly served upon the petitioner or his attorney of record, in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed by the circuit court at the cost of the petitioner.

This statute has been construed to require both the naming and serving of all necessary parties within 90 days, *Doran v. Wurth*, 475 S.W.2d 49, 51 (Mo. 1971). The cases make clear that all legatees are necessary parties in a suit to contest a will. *E. g., Kane v. Mercantile Trust*, 513 S.W.2d 362, 363 (Mo. 1974); *State ex rel. O'Connell v. Crandell*, 562 S.W.2d 746, 749 (Mo.App. 1978).

Plaintiffs argue that the will and codicils must be considered one will speaking from the date of the last codicil and that under that will Carolyn Ann Walsh is not a legatee. If the will and codicils had to either stand or fall as a whole, this position would have merit. Plaintiffs base their argument on the principle that a codicil is to be treated as a subsequent clause of a will for the purpose of interpretation and construction. *First National Bank v. Soloman*, 412 S.W.2d 458, 460 (Mo. 1967). That principle does not apply here, where, the purpose for considering the codicil is for testing the validity of the instruments. The requirements of attestation and capacity of testator apply to codicils as well as wills and a codicil may fail while the will does not. *See Sturm v. Routh*, 373 S.W.2d 922 (Mo. 1964).

Under § 473.083(5) RSMo. 1975 Supp., if this case had been tried, the jury would have determined under the appropriate instructions whether the testatrix died testate or intestate and if testate what writing or writings constituted her last will.

Here, the third codicil republished both the will and the first and second codicils. If the will or either of the first two codicils were found invalid when made, they would still be valid if the third codicil were found valid. *See* Annot., 87 A.L.R. 836 (1933); Annot., 21 A.L.R.2d 821 (1952). Thus, a finding that the third codicil was invalid is an essential part of plaintiff's case. However, by itself, the finding that the third codicil was invalid would still leave for determination the will and two previous codicils. Under each of those instruments Carolyn Walsh is a legatee.[2]

Plaintiffs argue that the court's determining that Carolyn Walsh is a necessary party, requires all future will contestants to name every beneficiary under every prior revoked will. Clearly, legatees under prior revoked wills are not necessary parties until and unless the will under which they are legatees is offered for probate. *Freasman v. Smith*, 379 Ill. 79, 39 N.E.2d 367, 370 (1942). *See Ehrlich v. Mittelberg*, 299 Mo. 284, 252 S.W. 671, 676 (1923). Our ruling here does not affect that principle.

Plaintiffs do not contend that the failure to join and serve Carolyn Walsh within the statutory period was for good cause. We therefore hold that in the absence of such a showing, the circuit court had no jurisdiction over the subject matter of the will contest after the ninety day period had lapsed, *State ex rel. O'Connell v. Crandell*, 562 S.W.2d at 705. The trial court properly dismissed this cause.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.

---

2. Plaintiffs in their brief state: "At some point, the interest of Carolyn Ann Walsh could conceivably become involved and at that time she could become an interested party. Assume that the Codicil cancelling her bequest was held invalid for some reason, then, of course, her bequest would stand, unrevoked, and she could be an interested party."