**Kenneth KNIPMEYER, Appellant,**

v.

**Walter D. McQUIE, Jr., Administrator W.W.A., Ruth Knipmeyer Wilson, Arlie Knipmeyer and O.M.S. International, Respondent.**

No. 41485.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 8, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 19, 1980.

Application to Transfer Denied
July 15, 1980.

Kenneth Knipmeyer, pro se.

Walter D. McQuie, Jr., Montgomery City, for respondents.

CRIST, Judge.

Dismissal of suit to contest a will for failure to show good cause for not securing and completing service of process on all defendants within ninety days after the will contest suit was filed as required by § 473.-083 5., RSMo. 1978. We affirm.

The transcript shows:

(1) 11–20–78—Suit filed and summons issued for defendant Arlie Knipmeyer but never returned.

(a) 2–15–79—summons again issued.

(b) 3–15–79—return filed showing service on 3–8–79.

(2) 12–26–78—summons issued for defendant O.M.S. International: ·

(a) 1–4–79—summons returned non est.

(b) 3–2–79—summons again issued.

(c) No return filed.

(3) 3–7–79—notice to plaintiff for 3–13–79 hearing of motion of other two defendants to dismiss for failure to serve all defendants received by plaintiff.

(4) 3–13–79—plaintiff failed to appear and court dismissed suit for failure to show good cause for not securing service on defendants named in paragraphs (1) and (2) above within 90 days after the filing of the suit.

Plaintiff asserts error in the dismissal of his suit on March 13, 1979 because the court had the primary obligation to serve all defendants. We disagree. Dismissal was mandatory under § 473.083 5. It was incumbent upon plaintiff to obtain service on all defendants within 90 days or show good cause for such failure. He did neither. *Godsey v. Godsey*, 531 S.W.2d 547, 550 (Mo. App.1975). *Shaffer v. Cochenour*, 569 S.W.2d 320, 323 (Mo.App.1978). There was substantial evidence to support the judgment. This judgment was not against the weight of the evidence and no error of law appears.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.