Lester Z. WINKLER, et al.,
Plaintiffs-Appellants,

v.

Marie WINKLER, et al.,
Defendants-Respondents.

Nos. 43704, 44159 and 44802.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 13, 1982.

Motion for Rehearing and/or Transfer
Denied May 14, 1982.

Spilker & Borgmann, Ronald F. Borgmann, St. Louis, for plaintiffs-appellants.

William A. Moffit, Jr., Moffit & Moffit, St. Louis, for defendant-respondent Marie Winkler.

Joseph P. Logan, Thompson & Mitchell, St. Louis, for defendant-respondent Mercantile Trust Co.

John R. Stroh, Thompson & Mitchell, St. Louis, for defendant-respondent Shriners Hospitals for Crippled Children.

John Ashcroft, Atty. Gen., Wm. Clark Kelly, Asst. Atty. Gen., Jefferson City, for defendant-respondent John Ashcroft.

Northcutt Coil, Clayton, for defendant-respondent The School of the Ozarks.

Stolar, Heitzmann, Eder, Seigel & Harris and Jay L. Levitch, St. Louis, for defendant-respondent United Jewish Appeal, Inc.

Wm. B. Smith, Dubail, Judge, Kilker, O'Leary & Smith, St. Louis, for Hanna I. Winkler.

GUNN, Judge.

Three cases contesting or seeking to establish certain wills and codicils of Mayer L. Winkler, deceased, have been consolidated for this appeal. Appellants allege trial court error in dismissing: (1) a petition contesting the 1977 will and 1979 codicil of the deceased and seeking a declaration of intestacy (*Winkler I*); (2) a petition seeking establishment of the 1975 will and 1976 codicil and rejection of the 1977 will and 1979 codicil of decedent, along with a counterclaim and crossclaim seeking essentially the same results (*Winkler II*); (3) a petition contesting the 1977 will and 1979 codicil of decedent and seeking either establishment of the 1975 will and 1976 codicil or a

declaration that he died intestate (*Winkler III*). We affirm.

### Winkler I

Mayer L. Winkler died on November 21, 1979. A will dated February 28, 1977 (1977 will) and a codicil to that will dated January 10, 1979 (1979 codicil) were admitted to probate on December 6, 1979. Letters testamentary were issued to Marie Winkler, decedent's widow and a defendant in these proceedings; notice of the granting of letters was first published on December 12, 1979.

In his 1977 will decedent established a trust, the income from which was to be divided equally among Marie Winkler and Drew, Doren and Darcy Winkler, decedent's three grandchildren. Upon the death of a beneficiary, his or her share of the income was to be divided among five organizations—Little Sisters of the Poor, Shriners Hospitals for Crippled Children, Cardinal Glennon Memorial Hospital for Children, The School of the Ozarks and Jewish Federation of St. Louis. Decedent included a paragraph stating that he "intentionally made no provision for [his] son, LESTER Z. WINKLER . . . ."

In his 1979 codicil, decedent amended the trust, naming Marie as the sole income beneficiary and deleting Drew, Doren and Darcy Winkler as beneficiaries. Decedent directed division of the trust income upon Marie's death among Shriners Hospitals for Crippled Children, The School of the Ozarks and The United Jewish Appeal. He also amended the paragraph expressing intentional omission of Lester Winkler to state that he intentionally made no provision for Lester Winkler "or for any of my grandchildren."

On June 11, 1980, Lester Winkler, decedent's only child, filed a petition in St. Louis County circuit court contesting the validity of the 1977 will and 1979 codicil on the basis of undue influence and praying for a judgment of intestacy. He named as defendants Marie Winkler, Mercantile Trust Company (as trustee), Shriners Hospitals for Crippled Children, The School of the

Ozarks, The United Jewish Appeal and the attorney general of Missouri.

On October 6, 1980 defendant Shriners Hospitals for Crippled Children submitted a motion to dismiss the will contest on the basis that plaintiff failed to join and serve all necessary parties within ninety days of filing the suit, as required by section 473.-083.5, RSMo 1978. The allegedly necessary unjoined persons and organizations were Drew, Doren and Darcy Winkler, Little Sisters of the Poor, Cardinal Glennon Memorial Hospital for Children and Jewish Federation of St. Louis. The trial court sustained defendant's motion to dismiss, and Lester Winkler appealed.

### Winkler II

On July 11, 1980 a will of decedent dated July 3, 1975 (1975 will) and a codicil to that will dated January 15, 1976 (1976 codicil) were presented to the probate division, which rejected them that same day. In the 1975 will decedent directed that the residue of his estate, after payment of debts and taxes, be placed in a revocable trust with Hanna I. Winkler as trustee; if the trust did not exist at decedent's death the residue was to be divided equally among Drew, Darcy, Doren and Hanna Winkler. In the codicil, decedent added a cash bequest to Lester Winkler and his wife, "Carole" Winkler, contingent on their being married at the time of decedent's death.

Hanna Winkler filed a petition in circuit court on August 6, 1980 to establish the 1975 will and 1976 codicil and to find that the 1977 will and 1979 codicil were invalid as the product of undue influence. Lester and Carol Winkler, two of the defendants named in Hanna Winkler's petition, filed a counterclaim and crossclaim, also seeking rejection of the 1977 will and 1979 codicil as decedent's last will and testament and a finding either that the 1975 will and 1976 codicil constitute a valid will or that decedent died intestate.

Defendant Shriners Hospitals for Crippled Children filed a motion to dismiss Hanna Winkler's petition on the ground that: (1) it was preempted by the earlier filing of *Lester Z. Winkler v. Marie Winkler*, et al. (*Winkler I*), which should serve as the sole proceeding to determine decedent's status, testate or intestate; (2) it was not timely filed; and (3) Hanna Winkler lacked standing to bring the suit.[1] From the trial court's dismissal of the petition, counterclaim and crossclaim for lack of jurisdiction, Lester and Carol Winkler appeal.

### Winkler III

On January 9, 1981 Lester and Carol Winkler filed a petition again contesting the 1977 will and 1979 codicil on the ground of undue influence and seeking either the establishment of the 1975 will and 1976 codicil as decedent's will or a judgment that decedent died intestate. Defendant Shriners Hospitals for Crippled Children submitted a motion to dismiss for lack of jurisdiction, on the basis that *Lester Z. Winkler v. Marie Winkler*, et al. (*Winkler I*) preempted any other proceedings to determine decedent's status at death and that the petition was not timely filed. Lester and Carol Winkler appeal from the trial court's sustaining of the motion to dismiss.

We consider first the trial court's dismissal of Lester Winkler's petition in *Winkler I.* Lester timely filed his will contest petition, within six months of the first publication of notice of granting of letters on decedent's estate. § 473.083.1, RSMo 1978. He failed, however, within ninety days after filing the petition to name as defendants and serve with process certain individuals and organizations who were given in the 1977 will bequests that were cancelled in the 1979 codicil, namely Drew, Darcy and Doren Winkler, Little Sisters of the Poor, Cardinal

---

1. On November 6, 1980, the last day for timely service of process on necessary parties, the trial court entered an *ex parte* order extending for thirty days the time for plaintiff Hanna Winkler to serve certain defendants. Shriners Hospitals for Crippled Children moved to quash this order, contending that the time limitation in section 473.083.5 for service of process is mandatory unless good cause for failure to serve is shown, and Hanna Winkler made no such showing. The trial court granted the motion to quash its order.

Glennon Memorial Hospital for Children and Jewish Federation of St. Louis.

Plaintiff argues that only the 1979 codicil and unrevoked portions of the 1977 will had been presented to probate, making it unnecessary to name as defendants in the will contest suit any legatees named only in revoked portions of the will. The contention lacks merit. *Hall v. St. Louis Union Trust Co.*, 602 S.W.2d 455 (Mo.App.1980) is precisely on point, holding that a beneficiary in a will, whose bequest was revoked in a subsequent codicil, is a necessary party in a suit contesting the original will and its codicils. *Id.* at 457. The will contest statute, whose strictures are compulsory, requires the naming and serving of all necessary parties within ninety days after the petition is filed. *Id.* at 457; *Knipmeyer v. McQuie*, 600 S.W.2d 86, 87 (Mo.App.1980); *Shaffer v. Cochenour*, 569 S.W.2d 320, 323 (Mo.App.1978). If the contestant fails to complete service of process on all necessary parties within the statutory time limits and shows no good cause for the failure, dismissal of the suit upon defendant's motion is mandatory, as the trial court no longer has jurisdiction over the subject matter of the suit. *Hall v. St. Louis Union Trust Co.*, 602 S.W.2d at 457; *Shaffer v. Cochenour*, 569 S.W.2d at 323; § 473.083.5. The trial court properly dismissed Lester Winkler's will contest upon his failure to name and serve all necessary defendants within ninety days of filing the petition.

Lester and Carol Winkler also assert trial court error in dismissing Hanna Winkler's petition and their counterclaim and crossclaim in *Winkler II*. They contend that the petition to establish the 1975 will and 1976 codicil, filed on August 6, 1980, was timely filed within six months of July 11, 1980, the date of their rejection.

Section 473.083.1 does permit an interested person to file a petition with the circuit court to have a will probated after its rejection by the probate division; the petition must be filed within six months of the date of rejection. Hanna Winkler's petition, however, not only sought probate of the rejected 1975 will and its codicil, but also contested the 1977 will and its codicil. As a will contest, the petition was not timely filed, that is, within six months of December 12, 1979, the date of first publication of the granting of letters on decedent's estate.

Further, since the trial court properly dismissed for lack of jurisdiction the sole timely petition contesting the 1977 will and 1979 codicil (*Winkler I*), as of June 12, 1980, six months after the date of first publication of letters, probate of the 1977 will and 1979 codicil became binding. § 473.083.-1, .8, RSMo 1978. *See Gillman v. Mercantile Trust Co. National Association*, 629 S.W.2d 441 (Mo.App.1981), in which a will contest was timely filed but conferred no jurisdiction on the circuit court because the plaintiff lacked standing. Six months after first publication of notice of letters, probate of the will became binding. The will could not thereafter be contested even though the person who sought to contest it (by way of a crossclaim and counterclaim to the original will contest petition) clearly had standing to so do.

Consequently, although plaintiff Hanna Winkler may have timely filed a petition to establish the 1975 will and 1976 codicil after their rejection, the action was necessarily futile. The 1977 will and 1979 codicil, which expressly revoked all earlier wills and codicils, were at that point immune to attack; probate of them had become binding and the probate division could proceed with administration of the estate in accordance with them. The trial court properly dismissed Hanna Winkler's petition and the responsive pleadings of Lester and Carol Winkler.[2]

---

**2.** Our affirmance of the trial court's dismissal on this ground renders unnecessary any discussion of the merits of defendant's remaining points in support of the trial court's action— that Hanna Winkler lacked standing to file the petition, that all necessary parties were not served within ninety days of filing the petition and that jurisdiction over all matters relating to the status of decedent at death, testate or intestate, had been conferred already on the circuit

Dismissal of Lester and Carol Winkler's petition in *Winkler III* for lack of jurisdiction over the subject matter was proper for the same reasons. The petition—contesting the 1977 will and 1979 codicil and requesting either a judgment of intestacy or establishment of the 1975 will and 1976 codicil as the valid will of decedent—was filed on January 9, 1981, more than a year after the first publication of notice of granting letters testamentary. The filing of the petition outside the time limits established in section 473.083.1 mandates its dismissal.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.

court in *Winkler I*, preempting any other proceedings regarding decedent's status.