Ronald Lee **LANGHAM**, Personal Representative, of Leo H. Langham, Deceased, et al., Appellants,

v.

Earl H. **MANN**, et al., Respondents.

No. WD 42913.

Missouri Court of Appeals, Western District.

Nov. 6, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 2, 1991.

Application to Transfer Denied Feb. 7, 1991.

Newhouse, Byers & Moore, P.C., Albert W.L. Moore, Jr., Independence, for appellants.

Lewis Leftwicks, Montvale, Va., pro se.

Daniel Lane, Kansas City, for respondents.

Before LOWENSTEIN, J., Presiding, and FENNER and ULRICH, JJ.

ULRICH, Judge.

Ronald Lee Langham, as personal representative of Leo H. Langham, deceased, and Jane Boyd, deceased, and Thomas J. and Joyce Roberson, husband and wife, appeal the trial court's order dismissing their petition contesting both the 1984 will and the 1985 codicil of Reola E. Baggett who died May 27, 1985. The issue presented is whether the entry of appearance of a necessary party to a will contest action filed more than ninety days after the petition was filed and the necessary parties' waiver of any property devised by the will retains or vests jurisdiction in the trial court to hear the will contest under § 473.083.6, RSMo 1986. The judgment is affirmed.

Reola E. Baggett died testate May 27, 1985. Her last will and testament dated July 9, 1984, and a first codicil to her last will and testament dated March 22, 1985, were admitted to probate by order of the probate court of Jackson County on July 1, 1985. Letters Testamentary were issued on the same date, and notice thereof was published beginning July 3, 1985.

On July 12, 1985, Jane Boyd, Leo H. Langham, now both deceased, and Thomas J. and Joyce Roberson, husband and wife, filed a will contest action contesting both the 1984 will and the 1985 codicil and named several persons as parties defendant. Lorraine Hundley, William Hundley, and John Roberson were not named as parties in the will contest action. The contested will provides that certain personal property is bequeathed to Lorraine Hundley and her husband, William Hundley. John Roberson is described by the testatrix as her great nephew, and she bequeathed to him $1,000.

On October 6, 1989, the trial court sua sponte issued its order for a hearing on the question of whether the court had jurisdiction to proceed because of plaintiff's failure to join and serve Lorraine Hundley, William Hundley, and John Roberson, named beneficiaries in the will, on or before October 12, 1985, ninety days from the filing of the will contest. On October 31, 1989, three named defendants in the will contest filed their motion to dismiss plaintiff's petition for failing to join necessary parties as defendants and for failing to serve them within the period of time specified by § 473.083.6, RSMo 1986. The court entered its order of dismissal on January 9, 1990.

No right to contest a will existed at common law. The right is statutory and can only be exercised in strict compliance with the provisions of the statute. *Danforth v. Danforth*, 663 S.W.2d 288, 293 (Mo.App.1983). Statutes authorizing will contests and establishing the time within which will contests must be initiated "confer jurisdiction upon the circuit court and after the lapse of the prescribed period the court has no jurisdiction over the subject

matter of the contest." *Blatt v. Haile,* 291 S.W.2d 85, 89 (Mo.1956). As the trial court noted, the case of *Winkler v. Winkler,* 634 S.W.2d 217 (Mo.App.1982), provides that "the will contest statute, whose strictures are compulsory, requires the naming and serving of all necessary parties within ninety days after the petition is filed.... If the contestant fails to complete service of process on all necessary parties within the statutory time limits and shows no good cause for the failure, dismissal of the suit upon defendant's motion is mandatory, as the trial court no longer has jurisdiction over the subject matter of the suit." *Id.* at 220.

 Named beneficiaries of gifts and bequests generally are necessary parties to a will contest. *Danforth,* 663 S.W.2d at 296. However, persons not adversely affected by the results of the will contest need not be joined as defendants. § 473.083.3, RSMo 1986. The monetary value of a bequest may not be considered when determining whether a person is a necessary party. *See Jones v. Jones,* 770 S.W.2d 246, 248 (Mo.App.1988). (Devisee of guns, dogs, and a jeep was a necessary party). Lorraine Hundley, William J. Hundley, and John Roberson, as devisees, were affected by the will contest, were interested persons in the probate of the will and were necessary parties who must have been joined and served in the will contest action.

Section 473.083.6, RSMo 1986, provides "In any such [will contest] action the petitioner shall proceed diligently to serve and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant duly served upon the petitioner or his attorney of record, in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed at the cost of the petitioner."

Lorraine Hundley, William Hundley, and John Roberson were not named as parties and were not served within ninety days of the filing of the petition contesting the will. Compliance with the statute requiring service within ninety days is jurisdictional. *State ex rel. Good v. Wilson,* 744 S.W.2d 570, 573 (Mo.App.1988). The entry of appearance as filed by John Roberson on December 18, 1987, and Lorraine Hundley and William Hundley on January 4, 1988, waiving personal service and any bequest to them created by the will and asking the court to decide the issues presented in the petition contesting the will is a nullity. Absent good cause the trial court lost jurisdiction over the case the ninety-first day after the petition contesting the will was filed because all necessary parties had not been served. *Shaffer v. Cochenour,* 569 S.W.2d 320, 323 (Mo.App. 1978). It is unnecessary for this court to determine whether plaintiffs failed to serve necessary parties for good cause since the appellants do not raise that issue. *See* § 473.083.6, RSMo 1986.

The judgment is affirmed.

All concur.