**Charles Herbert KREISEL,
et al., Appellants,**

v.

**Larry WISCHMEIER, et al.,**

**David Casey, et al.,**

**Mount Pleasant Church, et al.,**

**Larry Burditt, Personal Representative,
Respondents.**

**No. WD 43710.**

Missouri Court of Appeals,
Western District.

July 23, 1991.

H. Kent Desselle, Independence, for appellants.

Robert S. Drake, Jr., Warsaw, Atty., for respondent Wischmeier; Patrick Woodley, Warsaw, Atty., for respondents Mount Pleasant Church, First Baptist Church of Lincoln, and The United Methodist Church of Lincoln, for respondents.

Before KENNEDY, P.J., and SHANGLER and ULRICH, JJ.

ULRICH, Judge.

Charles Kreisel, Glen Kreisel and Anthony Kreisel appeal the judgment of the trial court dismissing their cause of action for failure to serve a necessary party. Appellants contend that the trial court erred in dismissing their will contest because (1) all necessary parties were named and served, and (2) the evidence established good cause for their alleged failure to serve all necessary parties. The trial court's judgment dismissing the cause of action is affirmed.

Victor M. Kreisel died on September 22, 1989. Mr. Kreisel's last will and testament, dated April 27, 1988, was admitted to probate by order of the Probate Court of Benton County on September 27, 1989. Letters Testamentary were issued on the same date, and notice thereof was published beginning October 5, 1989. Mr. Kreisel's will provided in pertinent part:

I give devise and bequeath to the trustees of the Mount Pleasant Cemetery the sum of Two hundred thousand dollars ($200,000.00) in trust to be held and managed as follows:

I direct that said sum of money be invested in certificates of deposit or other interest-bearing accounts at the Farmers Bank of Lincoln, in Benton County, Missouri and the interest from said funds be used for the maintenance and upkeep of the Mount Pleasant Cemetery and Church. It is my intention that the primary beneficiary of this trust be the Mount Pleasant Cemetery and any funds not necessary for the maintenance and upkeep of said cemetery to be used for the maintenance and upkeep of the Mount Pleasant Church. I further state that should there be additional funds not necessary for the upkeep of the cemetery and church that the trustees be autho-

rized to use these funds for the benefit of the First Baptist Church of Lincoln and the United Methodist Church of Lincoln.

On March 20, 1990, Victor Kreisel's three nephews, Charles Kreisel, Glen Kreisel, and Anthony Kreisel, filed a petition contesting the validity of Mr. Kreisel's will. The plaintiffs named and served several parties as defendants, including First Baptist Church of Lincoln, United Methodist Church of Lincoln, Larry Wischmeier, and Mount Pleasant Cemetery and Church. Significantly, Mount Pleasant Cemetery and Church were named in the nephews' petition as one defendant and served process as one party. Paragraph seven of the nephews' petition states "[t]hat all other named Defendants constitute all the legatees and devisees, both contingent and vested, under the said purported will and all the said parties constitute all the necessary parties required by § 473.083, RSMo." Defendants First Baptist Church of Lincoln, United Methodist Church of Lincoln, Larry Wischmeier, and Mount Pleasant Church each filed separate answers denying paragraph seven of the nephews' petition.

Additionally, Connelly N. McDaniel, Chairman of the Board of Mount Pleasant Cemetery Association, became aware of the nephews' lawsuit on or about April 7, 1990, and informed the plaintiffs' attorney by letter that Mount Pleasant Cemetery and Mount Pleasant Church were two separate entities. The plaintiffs' attorney acknowledged receipt of Mr. McDaniel's letter in a reply letter sent to Mr. McDaniel on May 30, 1990. Enclosed with his May 30, 1990, letter, the plaintiffs' attorney sent Mr. McDaniel a stipulation requesting that Mount Pleasant Cemetery Association stipulate to being added as a party defendant to the nephews' cause of action. Mr. McDaniel did not respond to this requested stipulation.

On June 4, 1990, the nephews' attorney filed a motion for substitution and addition of parties. The motion states:

Plaintiff would further request that defendant Mount Pleasant Cemetery and

Church be determined to be two separate defendants, Mount Pleasant Cemetery and Mount Pleasant Church. Mount Pleasant Church having already answered in this matter, Plaintiffs' would request that service of process be issued on Mount Pleasant Cemetery Association, serve Connelly N. McDaniel, trustee, Rural Route 5, Box 319, Warsaw, Missouri 65355.

The plaintiffs' motion for substitution and addition of parties was scheduled to be heard by the probate court on June 20, 1990.

Prior to the hearing on plaintiffs' motion, defendants filed a motion to dismiss the will contest for failure to serve a necessary party as required by § 473.083, RSMo Supp.1990. On July 18, 1990, the parties appeared before the trial court on defendants' motion to dismiss. The trial court sustained the motion to dismiss and Mr. Kreisel's nephews appeal.

■ No right to contest a will existed at common law. The right is purely statutory and can only be exercised in strict compliance with the provisions of the statute. *Langham v. Mann*, 801 S.W.2d 394, 395 (Mo.App.1990). Section 473.083.6 provides:

> In any [will contest] action the petitioner shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant duly served upon the petitioner or his attorney of record, in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed at the cost of the petitioner.

Section 473.083.6 confers jurisdiction upon the trial court in a will contest and after lapse of the prescribed period the court has no jurisdiction over the subject matter of the cause of action. *Langham*, 801 S.W.2d at 395–96. If service of process on all necessary parties within the statutory time limit is not complete and plaintiff fails to

demonstrate "good cause," dismissal of the suit upon defendant's motion is mandatory. *Id.* at 396. (quoting *Winkler v. Winkler*, 634 S.W.2d 217, 220 (Mo.App.1982)).

For point (1), the nephews contend that the trial court erred in dismissing their will contest because Mount Pleasant Cemetery and Church are one organization and, thus, proper service upon the church constituted service upon the cemetery. However, the decedent's nephews failed to present evidence to the probate court to substantiate this claim. Rather, the only evidence before the court was Mr. Kreisel's will and an affidavit from Mr. McDaniel, the Chairman of the Board of Mount Pleasant Cemetery Association. Mr. McDaniel's affidavit states that the Mount Pleasant Cemetery and Mount Pleasant Church are two separate entities and that Mount Pleasant Cemetery has not been properly served process in the nephews' will contest. Additionally, the language of Mr. Kreisel's will, as quoted above, indicates his understanding that Mount Pleasant Cemetery and Mount Pleasant Church are separate entities. Finally, the nephews' motion for substitution and addition of parties reflects their understanding that these are separate entities. The trial court properly determined that Mount Pleasant Church and Mount Pleasant Cemetery are separate entities. Point (1) is denied.

■ For point (2), the three nephews contend that, if Mount Pleasant Cemetery and Mount Pleasant Church are two separate entities, they have demonstrated good cause for their failure to timely serve process upon Mount Pleasant Cemetery. In particular, the decedent's nephews contend that good cause exists for their failure to timely serve all necessary parties because they filed a motion for substitution and addition of parties prior to the expiration of ninety days after their petition was filed and Mr. McDaniel refused to stipulate to Mount Pleasant Cemetery's addition to the will contest as a party defendant.

■ The burden of proof to show good cause under § 473.083 for failing to comply with the requirement that all necessary parties be served within ninety days is on

the party bringing the will contest. *Stemmler v. Crutcher,* 677 S.W.2d 916, 919 n. 3 (Mo.App.1984). A showing of good cause under the statute requires: (1) proof which must pertain to difficulties in obtaining service of process; (2) proof which shows circumstances that prevent or impair service; and (3) proof that those difficulties and circumstances are attributable to persons and things beyond the control of the plaintiffs. *State ex rel. Mueller v. Murphy,* 738 S.W.2d 122, 123 (Mo.App. 1987); *Collier v. Dunne,* 712 S.W.2d 38, 40 (Mo.App.1986).

In the present case, the nephews failed to establish any of the three requirements for proving good cause. The nephews did not experience any difficulty in obtaining service of process on Mount Pleasant Cemetery because they never attempted service of process. Furthermore, the nephews failed to demonstrate any circumstances that prevented or impaired service. Rather, the plaintiffs' motion for substitution and addition of parties provides an address for service on the cemetery. Presumably, service of process could have been effected at this address prior to the expiration of ninety days if the plaintiffs had only attempted service. The only difficulty experienced by the nephews was Mr. McDaniel's refusal to stipulate to the Mount Pleasant Cemetery Association being added as a party. However, Mr. McDaniel is not obligated to stipulate to this proposal. Any difficulties and circumstances which resulted in Mount Pleasant Cemetery not being served process within the ninety-day period were difficulties and circumstances within the plaintiffs' control. Therefore, plaintiffs have failed to demonstrate that good cause exists for their failure to obtain service of process on all necessary parties within ninety days as required by § 473.083. Point (2) is denied.

The trial court's judgment dismissing the will contest is affirmed.

All concur.